UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

GERALD D. FLICK,                         :
                                         :
       Petitioner               :
                                         :
   v.                                    : CIVIL NO. 4: CV-08-278
                                         :
COMMONWEALTH OF                          : (Judge McClure)
PENNSYLVANIA,                            :
                                         :
       Respondent               :

**MEMORANDUM**

February 27, 2008

**Background**

     Gerald D. Flick ("Petitioner") initiated this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Named as Respondent is the Commonwealth of Pennsylvania. Flick is represented by counsel. The filing fee has not been paid and an *in forma pauperis* application has not been submitted.

     On July 7, 2003, Flick entered a guilty plea to various charges including summary traffic offenses in the Court of Common Pleas of Centre County, Pennsylvania.[1] According to the Petition, he was sentenced on September 16, 2003 to

---

[1] Petitioner indicates that he was forced to enter a guilty plea because he selected a jury while proceeding *pro se*. However, there is no indication in his present

an aggregate term of imprisonment of one hundred and eighty (180) days to one (1) year. A direct appeal was not filed. However, Flick states that he sought collateral relief pursuant to Pennsylvania's Post Conviction Relief Act (PCRA). The Court of Common Pleas dismissed his PCRA petition on February 14, 2007. See Record document no. 1, Exhibit 1. There is no indication that an appeal was filed.

Flick's present petition claims entitlement to federal habeas corpus relief on the grounds that: (1) ineffective assistance of counsel for failing to object to Count 1; (2) "two Counts of DUI-pled and sentenced on the same day were two second offences [sic];" and (3) counsel was deficient for failing to advise Petitioner to "direct appeal his sentencing as two second offense DUI's." Id. at ¶ 12.

**Discussion**

According to the Petition, Flick is "not actually confined." Record document no. 1, ¶ 1(a). There is also no assertion that the Petitioner was sentenced to a period of parole supervision. Moreover, the February 14, 2007 Order issued by the Court of Common Pleas which dismissed his PCRA action states that Flick is "neither currently incarcerated nor under Probation or Parole Supervision." Id. at Exhibit 1, ¶ 1.

Pursuant to 28 U.S.C. § 2254(a), a habeas petitioner must make a showing that he is "in custody pursuant to the judgment of a State Court." See also Carfas v.

---

action that Flick wishes to pursue this argument.

LaVallee, 391 U.S. (1968)(a habeas petitioner must be in custody under the conviction or sentence under attack at the time his petition is submitted).  In Maleng v. Cook, 490 U.S. 488 (1989)(per curiam), the United States Supreme Court addressed a challenge to a state conviction by an applicant who had already completed service of his entire sentence.  The Court held that § 2254(a)'s 'in custody' requirement was satisfied because the challenged conviction was used to enhance a subsequently imposed sentence which the applicant had not yet begun to serve.  See id. at 493.  Consequently, the Court concluded that the habeas petition could be properly construed as a challenge to the subsequent sentence.

More recently, in Daniels v. United States, 532 U.S. 374 (2001), the Supreme Court established that a prior sentence used to enhance a federal sentence is no longer open to collateral attack via a motion under 28 U.S.C. § 2255.  In reaching that determination, the Court stressed the need for finality of convictions and ease of administration.

In a subsequent ruling, Lackawanna County v. Coss, 532 U.S. 394 (2001), the Supreme Court addressed Coss' challenge to his 1986 state conviction which he was no longer serving.  Specifically, Coss claimed that his 1986 conviction resulted from ineffective assistance of counsel.  Coss was serving a 1990 sentence and he contended that he could still challenge the 1986 sentence because it had negatively impacted his 1990 sentence. The Supreme Court, again noting the need for finality of convictions

and ease of administration, held that Coss did not qualify to have his § 2254 petition reviewed because the expired prior conviction did not actually increase the length of his current sentence.

Flick's present Petition acknowledges he has completed service of his 2003 state sentence. There is also no indication that Petitioner is presently serving any criminal sentence. Thus, this is not a situation where the Petitioner is attempting to challenge a current sentence on the basis that it was improperly enhanced or increased by his 2003 Centre County conviction.

"[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Maleng, 490 U.S. at 492. As noted by the Supreme Court in Daniels, habeas corpus and similar collateral remedies "are not available indefinitely and without limitation." Daniels, 532 U.S at 375. The Court in Coss noted that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies (or because the defendant did so unsuccessfully) the conviction may be regarded as conclusively valid." Coss, 532 U.S. at 403. See also Maleng, 490 U.S. at 492 (federal habeas corpus relief should not be extended "where a habeas petitioner suffers no present restraint from a conviction.").

As previously noted, the present Petition establishes that Flick has fully

4

completed service of the sentence which is the subject of this § 2254 action.  Since this is not a situation where a habeas petitioner is seeking to challenge a current sentence on the grounds that it was increased/enhanced by an expired conviction and sentence, Flick's present § 2254 petition clearly  may not be entertained by this Court.  Pursuant to the standards announced in <u>Maleng</u>, <u>Daniels</u>, and <u>Coss</u>, the petition for writ of habeas corpus will be dismissed.  An appropriate Order will enter.


       s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

GERALD D. FLICK,                          :
                                          :
      Petitioner                     :
                                          :
  v.                                      :        CIVIL NO. 4:CV-08-278
                                          :
COMMONWEALTH OF                           :        (Judge McClure)
PENNSYLVANIA,                             :
                                          :
      Respondent                     :

## **ORDER**

February 27, 2008

In accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus is DISMISSED.

2. The Clerk of Court is directed to CLOSE the case.

3. Based on the Court's determination, there is no basis for the issuance of a certificate of appealability.

                s/ James F. McClure, Jr.

JAMES F. McCLURE, JR.
United States District Judge